UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYLIN JOHNSON,

Petitioner,

Case No. 2:26-cv-12593
Hon. F. Kay Behm

v.

W. HOLZAPFEL,

Respondent.
___________________________________/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK TO REFILE PETITION IN CASE NO. 22-20280**

The United States District Court for the Northern District of West Virginia transferred federal inmate Kaylin Johnson's petition for writ of habeas corpus filed under 28 U.S.C. § 2241 to this Court. (ECF Nos. 1 and 4.)

In 2023, Johnson was convicted in this Court of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), and possession with intent to distribute cocaine and methamphetamine. 21 U.S.C. § 841(a)(1). *See United States v. Johnson*, Easten District of Michigan No. 4:22-cr-20280.

The habeas petition claims: "Under extraordinary and compelling reasons of new amended law being passed I am eligible for a downward departure being I am an applicable youth offender and I have exhausted my remedies with warden." (ECF No. 1, PageID.5.) (cleaned up).

Promptly after the filing of a petition for habeas corpus, the Court undertakes a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If the Court determines that the petitioner is

not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999).

Johnson's claim for a reduction in sentence may not be made in a separate habeas action filed under § 2241. *See Crowe v. United States*, 430 F. App'x. 484, 484-85 (6th Cir. 2011); *see also United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (explaining that "the defendant could not use other causes of action (such as a habeas petition) to obtain judicial review of the Bureau of Prisons' refusal to file the reduction-of-sentence motion").

Johnson's claim is appropriately brought by way of a motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) in his underlying criminal case. *See Washington v. Warden Canaan USP*, 858 F. App'x. 35, 36 (3rd Cir. 2021) (insofar as section 2241 petition sought compassionate release under section 3582(c)(1)(A), request must be filed in sentencing court).

Accordingly, the present petition will be **SUMMARILY DISMISSED.**

The Clerk's Office is directed to refile Johnson's petition for writ of habeas corpus from Case No. 26-12593 (ECF No. 1) in *United States v. Johnson*, No. 22-20280. The petition shall be listed on the docket as "Defendant's Motion for Compassionate Release."

**SO ORDERED.**

Date: August 6, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge